People v Century Waste Servs. LLC (2022 NY Slip Op 50209(U))

[*1]

People v Century Waste Servs. LLC

2022 NY Slip Op 50209(U) [74 Misc 3d 133(A)]

Decided on March 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570104/20

The People of the State of New
York, Respondent,
against
Century Waste Services LLC,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Charlotte E. Davidson, J.), rendered January 10, 2019, after a nonjury
trial, convicting it of failing to display a motor vehicle tax sticker in violation of
Administrative Code of the City of NY § 11-809, and imposing sentence.

Per Curiam.
Judgment of conviction (Charlotte E. Davidson, J.), rendered January 10, 2019,
affirmed.
Defendant was issued a summons for violating section 11-809 of the Administrative
Code of the City of NY, upon allegations that its "dump truck had no valid NYC tax
stamp displayed." Title 11, Chapter 8 of the Administrative Code imposes a tax on
certain commercial motor vehicles used in New York City provided that the vehicle is
"used principally in the city or used principally in connection with a business carried on
within the city" (Administrative Code § 11-801[3]; 19 RCNY 6-01). The Code also
establishes a presumption that such vehicles are used principally in the city or used
principally in connection with a business carried on within the city "until the contrary is
established" (Administrative Code § 11-804; accord 19 RCNY 604).
The verdict convicting defendant of failure to display a motor vehicle tax sticker
(see Administrative Code § 11-809) was based on legally sufficient
evidence and was not against the weight of the evidence (see People v Danielson,
9 NY3d 342 [2007]). There is no basis for disturbing the court's determination
concerning credibility. Even assuming that defendant rebutted the presumption that the
vehicle at issue was used principally in the city, it failed to rebut the presumption that the
vehicle was "used principally in connection with a business carried on within the city"
(Administrative Code § 11-804). Contrary to defendant's argument, the presumption
that the vehicle was used principally in connection with a business carried on within the
city was not rebutted by evidence of the particular truck's mileage within the city
(see 19 RCNY 6-02[a]), or the testimony of its safety and compliance manager
that defendant did business in New Jersey where its sole office was located. Indeed,
despite repeated prompting by the court to provide any "helpful testimony" relating to the
extent the business was carried on in New York City versus New Jersey, counsel
responded that defendant's sole witness could not [*2]testify "as to the extent of operations in one place," and
defendant provided no other evidence in this regard.
We have considered and rejected defendant's remaining contention. 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: March 22, 2022